UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **NICHOLAS DASKALAKIS** | ) | **CIVIL COMPLAINT** |
| | ) | |
| Plaintiff, | ) | **AND** |
| | ) | |
| v. | ) | **JURY DEMAND** |
| | ) | |
| **HOVG, LLC d/b/a** | ) | |
| **BAY AREA CREDIT SERVICES** | ) | |
| | ) | **Case No.:** |
| Defendant. | ) | |
| | ) | |

**CIVIL COMPLAINT AND JURY DEMAND**

Plaintiff Nicholas Daskalakis (hereinafter "Plaintiff"), by and through his undersigned attorney, alleges against the Defendant HOVG, LLC d/b/a Bay Area Credit Services (hereinafter "Defendant") as follows:

**PRELIMINARY STATEMENT**

1. This is an action for damages arising from Defendant's violations of 15 U.S.C. § 1692, *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**JURSIDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. §1692k (d).

3. Venue is proper in this district under 28 U.S.C § 1391(b) as Defendant conducts business in this venue and because a substantial part, if not all, of the events or omissions giving rise to the claim occurred in this venue.

**PARTIES**

4. Plaintiff is a natural person, who at all relevant times has resided in the City of Albany, Albany County, State of New York.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant is a business entity and does business in the State of New York, with its corporate mailing address as 4145 Shackleford Road, Suite 330B, Norcross, GA 30093.

7. Defendant uses the instrumentalities of interstate commerce and/or the mails for the purpose of the collection of debts and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

8. As stated on the Defendant's website – www.bayareacredit.com –

> Bay Area Credit Service can help your business by increasing cash flow and improving revenue. We collect your receivables fast, professionally and courteously.
> …
> We also offer highly effective electronic collection and letter services.
> …
> THIS COMMUNICATION IS FROM A DEBT COLLECTOR AND IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

9. The Defendant is a "debt collector" as defined by 15 U.S.C § 1692a(6).

**FACTUAL STATEMENT**

10. At all times relevant to this litigation, the Defendant has engaged in a course of collection activity aimed at recoupment of an alleged debt due and owing from the Plaintiff ("Subject Debt").

11. The Subject Debt arose out a transaction in which the money, property, insurance, or services which are the subject of the transaction were primarily for personal, family, or household purposes, and specifically for personal medical and/or health expenses.

12. The Subject Debt is a "debt" as the term is defined by 15 U.S.C. § 1692a(5).

13. Upon information and belief, and on a date better known to Defendant, the Subject Debt was in default to the original creditor, and thereafter assigned and/or otherwise transferred to the Defendant for collection from the Plaintiff.

14. On or about October 11, 2017, the Defendant's agent, servant and/or employee, in an attempt to collect the Subject Debt, made a telephone call to a member of the Plaintiff's family in New York City.

15. The Defendant's agent communicated with the Plaintiff's family member but did not immediately identify Defendant as a debt collector and/or meaningfully disclose same.

16. Instead, Defendant's agent said that Defendant was offering a business opportunity and insisted that the family member provide his identity.

17. The family member refused.

18. In response thereto, Defendant's agent then thereafter identified him/herself as a debt collector and that the purpose of the call was to collect a debt from the Plaintiff.

19. Defendant's agent thereafter provided, disclosed, and communicated information relating to the Plaintiff and to the Subject Debt to the Plaintiff's family member, including but not limited to, the amount of the Subject Debt and the name of original creditor.

20. At no time did Defendant's agent state that s/he was confirming or correcting location information for the Plaintiff.

21. At no time did the Plaintiff give the Defendant prior consent to communicate with Plaintiff's family in connection with collection of the Subject Debt.

22. The aforementioned telephone call is a "communication" as the term is defined by 15 U.S.C. § 1692a(2).

**COUNT I**
**VIOLATIONS OF THE FDCPA**
**(15. U.S.C. §1692 *et seq.*)**

23. Plaintiff repeats and realleges the allegations contained in Paragraphs One (1) through Twenty-Two (22) above and incorporates them with the same force and effect as if set forth specifically herein.

24. The FDCPA provides that debt collectors, such as the Defendant, when "communicat[ing] with any person other than the consumer for the purpose of acquiring location information about the consumer shall - (1) identify himself, state that he is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer." *See* 15 U.S.C. § 1692b

25. During the aforementioned communication with a third person regarding the Plaintiff's Subject Debt, the Defendant failed to immediately identify himself or herself as a debt collector.

26. During the aforementioned communication with a third person regarding the Plaintiff's Subject Debt, the Defendant failed to state that the debt collector is confirming or correcting location information concerning the Plaintiff.

27. Defendant's aforementioned conduct thereby violated the FDCPA generally and/or 15 U.S.C. § 1692b specifically.

28. The FDCPA further prohibits debt collectors, such as the Defendant, from "communicat[ing], in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." *See* 15 U.S.C. § 1692c(b).

29. Defendant communicated with a third person with regard to and/or in connection with the Subject Debt.

30. At no time did the Plaintiff authorize any third person to be contacted with regard to and/or in connection with the Subject Debt.

31. Defendant's conduct thereby violated the FDCPA generally and/or 15 U.S.C. § 1692c(b) specifically.

32. The FDCPA further prohibits debt collectors, such as the Defendant, from using any false, deceptive, or misleading representation or means in connection with the collection of any debt. *See* 15 U.S.C. § 1692e.

33. Defendant failed to initially disclose to that the communication was from a debt collector but rather misrepresented that the purpose of the call was for a business opportunity, even though same was untrue.

34. Defendant's conduct thereby violated the FDCPA generally and/or constitutes a false, deceptive and misleading representation in violation of 15 U.S.C. §1692e.

35. The FDCPA further prohibits debt collectors, such as the Defendant, from the placement of telephone calls without meaningful disclosure of the caller's identity. *See* 15 U.S.C. § 1692d(6).

36. Defendant failed to initially meaningfully disclose to the Plaintiff's family member during the telephone communication of the Defendant's identity of being a debt collector.

37. Defendant's conduct thereby violated the FDCPA generally and/or 15 U.S.C. § 1692d(6) specifically.

38. Plaintiff has thereby been damaged and is entitled to relief.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## RELIEF

**WHEREFORE,** the Plaintiff requests that this Court enter judgment against the Defendant, and on behalf of Plaintiff, for the following:

A. that an order be entered declaring the Defendant's actions, as described above, in violation of the FDCPA;

B. that judgment be entered against the Defendant for actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

C. that judgment be entered against the Defendant for statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (B);

D. that the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3); and

E. that the Court grant such other and further relief as may be just and proper.

Dated: October 9, 2018

          Respectfully Submitted,

          *s/ Michael Lupolover, Esq.*
          Michael Lupolover, Esq. (ML2616)
          Law Office of Michael Lupolover, P.C.
          Law Offices of Michael Lupolover
          120 Sylvan Ave, Suite
          Englewood Cliffs, NJ 07632
          T: (201) 461-0057
          F: (201) 608-7116
          Attorneys for Plaintiff